## CORNELIUS *v.* KESSEL.

ERROR TO THE SUPREME COURT OF THE STATE OF WISCONSIN.

No. 60.  Submitted November 2, 1888. — Decided November 19, 1888.

In Wisconsin an equitable defence may be set up in an action at law; but it must be separately stated, in order that it may be considered on its distinctive merits, and in order that, if established, the appropriate relief may be administered.

When, under the practice prevailing in a State, an equitable defence is set up in an action for the possession of land, the grounds set forth must be sufficient to entitle the defendant to a decree that the property be transferred from the plaintiff to him, or that the plaintiff be enjoined from prosecuting the action for the possession of the property.

When an entry is made of two or more tracts, one of which is not at the disposal of the United States by reason of being within a swamp-land grant to a State, the validity of the entry of the remainder is not affected thereby.

When an entry is made upon public land subject to entry, and the purchase money for it is paid, the United States then holds the legal title for the benefit of the purchaser, and is bound, on proper application, to issue to him a patent therefor; and if they afterwards convey that title to another, the purchaser, with notice, takes subject to the equitable claim of the first purchaser, who can compel its transfer to him.

The power of supervision possessed by the Commissioner of the General Land Office over the acts of the register and receiver of the local land offices is not unlimited or arbitrary, but can only be exerted when an entry is made upon false testimony, or without authority of law; and cannot be exercised so as to deprive a person of land lawfully entered and paid for.

When the Commissioner of the General Land Office, without authority of law, makes an order for the cancellation of an entry of public land made in accordance with law, and accompanied by the payment of the purchase money, the person making the entry and those claiming under him can stand upon it, and are not obliged to invoke the subsequent reinstatement of the entry by the Commissioner.

THE case is stated in the opinion of the court.

*Mr. Conrad Krez* for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE FIELD delivered the opinion of the court.

This case comes to us from the Supreme Court of Wisconsin. It is an action for the possession of forty acres of land, being part of a quarter section in Township 16 of Range 20, in the county of Sheboygan, in that State, and was brought in the Circuit Court of that county. The complaint alleges that the plaintiff has the lawful title as the owner in fee simple, and the right to the possession of the demanded premises; and that the defendant wrongfully withholds them from him to his damage of three hundred dollars. It therefore prays that the defendant may be adjudged to surrender to the plaintiff their possession and to pay the said damages.

In support of his alleged title the plaintiff relies on a patent

of the United States for a tract embracing the demanded premises, issued to one Myron H. Puffer on the 4th of June, 1877, upon a homestead entry made by him in December of the previous year, and sundry mesne conveyances from the patentee.

The answer of the defendant admits that she was in possession of the premises at the commencement of the action, but denies generally and specifically the other allegations of the complaint, and pleads in bar of the action an entry upon the premises by her, and those through whom she derives her interest, under claim of title, exclusive of any other right, founded upon a written instrument as a conveyance thereof, and their occupation under such claim for more than ten years prior to the commencement of the action.

The answer also sets forth, under a separate heading or count, by way of counter-claim, various matters which the defendant claims constitute in equity a defence to the action and entitle her to a decree that she has a right to the title and possession of the premises. Those matters, briefly stated, are substantially as follows: In January, 1856, one Henry I. Davidson entered two tracts of land in Township 16 of Range 20, in Sheboygan County, one of which constitutes the premises in controversy, as public lands of the United States subject to entry, paid the full purchase price to the receiver of the land office for the district, and obtained from him the usual duplicate receipt therefor, which was duly recorded in the office of register of deeds of the county in April, 1857. Subsequently Davidson and his wife conveyed the tract in controversy to one Joseph Hein, and from him, through sundry mesne conveyances, all of which are on record in the register's office of the county, the property, in October, 1869, became vested in Jacob Kessel, the husband of the defendant. Kessel died in July, 1876, in possession of and thus owning the premises, leaving the defendant, as his widow, and four children surviving him. By his last will and testament, which has been admitted to probate, he devised to the defendant a life estate in the premises in controversy, and she is now in possession, holding the same thereunder, the fee thereof being in the

children, subject to her life estate. And she alleges that, from the time of the entry by Davidson down to the death of Kessel, there was an uninterrupted possession and claim of title by Kessel and his predecessors, and that valuable improvements were made thereunder, without their knowledge of any adverse claim or of the assertion of interest of any kind.

In October, 1857, an order was made by the Commissioner of the General Land Office, cancelling the entry of Davidson for the two tracts of land, on the alleged ground that one of them, not the tract embracing the premises in controversy, was included in a prior grant to the State, and therefore was not subject to entry. The order of cancellation was made without previous notice of any kind to Davidson or any party in interest under the entry, and the purchase money paid was never returned or offered to him or to any of his successors in interest; and the defendant contends that the order was erroneously and improperly made. The Commissioner of the General Land Office afterwards came to the same conclusion, and in June, 1879, he directed the entry to be reinstated as to the tract which had not been previously granted to the State; that is, the tract in controversy in this case. It was between the cancellation and the reinstatement of the entry as to this tract that the homestead entry was made by Myron H. Puffer, and the patent issued to him.

The answer also imputes fraudulent conduct to the register or receiver of the land office of the district, alleging, on information and belief, that the entry of Puffer was made in his interest, but it is not deemed necessary to repeat the imputations. It concludes with a prayer that the title to the premises may be adjudged to have been in Jacob Kessel at the time of his death, and that the defendant is entitled to the possession thereof, or that such other and further relief be granted as may be just.

The practice of setting up in actions at law defences, whether of a legal or equitable character, is permissible under the laws of Wisconsin. They are required, however, to be separately stated that they may be considered on their distinctive merits, and if established, that the appropriate relief may be admin-

istered. When, as in this instance, the action is for the posses-
sion of land, the grounds set forth must be sufficient to entitle
the defendant to a decree that the title of the property be
transferred from the plaintiff to him, or that the plaintiff be
enjoined from prosecuting the action for the possession of the
property. The equitable defence is, therefore, to be first con-
sidered and determined, for, if sustained, there will be no occa-
sion for proceeding with the remedy at law, *Quinby* v. *Conlan*,
104 U. S. 420; and that course was pursued in the present
case. The court took up the matters alleged as grounds for
equitable relief and considered the evidence adduced in their
support; and it thereupon found that the allegations of the
answer as to those matters were sustained in all particulars.
Judgment was accordingly rendered in favor of the defendant,
declaring that the entry of Myron H. Puffer and the patent
thereon issued to him were null and of no effect as a convey-
ance of the premises; that the defendant's testator died vested
with an equitable title to them, and entitled to their possession
and to a patent therefor from the United States, and that the
defendant has such estate and possession during her life; and
directing that the complaint of the plaintiff be dismissed with
costs. On appeal to the Supreme Court of the State the judg-
ment was affirmed.

The forty acres in controversy were subject to entry in
January, 1856, when Davidson entered them together with
another tract. The validity of the entry of those acres was
not affected by the fact, that the second tract belonged to the
State of Wisconsin under the swamp-land grant, and was not
therefore subject to the disposal of the United States. A
defect in the title of one of several parcels sold does not
invalidate the sale of the others if the purchaser makes no
objection. When the tract, which was subject to entry, was
thus purchased and paid for, it ceased to be subject to the
disposal of the United States; it was not in equity their prop-
erty. *Carroll* v. *Safford*, 3 How. 440, 460; *Witherspoon* v.
*Duncan*, 4 Wall. 210, 218. The legal title, it is true, was
retained by them, but they held it as trustee for the benefit of
the purchaser; and they were bound upon proper application

to issue to him a patent therefor. If from inadvertence or mistake as to their rights, or other cause, they afterwards conveyed that title to another, the grantee with notice took it subject to the equitable claim of the first purchaser, who could compel its transfer to him. In all such cases a court of equity will convert the second purchaser into a trustee of the true owner and compel him to convey the legal title. *Lindsey* v. *Hawes*, 2 Black, 554; *Stark* v. *Starrs*, 6 Wall. 402, 419.

The power of supervision possessed by the Commissioner of the General Land Office over the acts of the register and receiver of the local land offices in the disposition of the public lands, undoubtedly authorizes him to correct and annul entries of land allowed by them, where the lands are not subject to entry, or the parties do not possess the qualifications required, or have previously entered all that the law permits. The exercise of this power is necessary to the due administration of the land department. If an investigation of the validity of such entries were required in the courts of law before they could be cancelled, the necessary delays attending the examination would greatly impair, if not destroy, the efficiency of the department. But the power of supervision and correction is not an unlimited or an arbitrary power. It can be exerted only when the entry was made upon false testimony, or without authority of law. It cannot be exercised so as to deprive any person of land lawfully entered and paid for. By such entry and payment the purchaser secures a vested interest in the property and a right to a patent therefor, and can no more be deprived of it by order of the Commissioner than he can be deprived by such order of any other lawfully acquired property. Any attempted deprivation in that way of such interest will be corrected whenever the matter is presented so that the judiciary can act upon it.

In *Lindsey* v. *Hawes* we have a noted instance in which the court inquired into the facts of a disputed entry of public lands, and gave effect to a lawful entry, which had been set aside, and the certificate issued cancelled, by order of the Commissioner of the General Land Office. In that case it appeared that Lindsey had, in 1839, applied to the register

and receiver of the land office at Galena to purchase land, claiming the right of preëmption under the act of 1838, by reason of cultivation and actual residence thereon, and having established his claim to the satisfaction of those officers, he received from them, in June, 1839, the proper certificate, stating the receipt of the purchase money, and that on its presentation to the Commissioner of the General Land Office he would be entitled to a patent. Subsequently, in 1845, the Commissioner set aside this entry, and ordered the certificate to be cancelled, on the ground that a mistake had been made in the original survey of the land, and that by a new survey ordered in 1844, it was ascertained, as he supposed, that the house in which Lindsey resided, when he made his claim in 1839, was not on the land for which he received his certificate. After this, one Hawes claimed a preëmption right to the same land; and the Commissioner directed the register and receiver to hear proof of his right, and to adjudicate upon it. They accordingly heard his proof, and gave him a certificate, upon which a patent was afterwards issued to him. Lindsey died in the same year in which he made his entry; and his heirs, who had no notice of the new survey made five years afterwards, or of the proceedings by which Hawes established his claim before the register and receiver, brought suit against Hawes and grantees from him, to compel a transfer by them of the title obtained by the patent. It appeared that the residence of Lindsey was on the line which, according to the new survey, divided the quarter section he entered from an adjoining quarter section; so that in one sense it may be said that he resided on both quarter sections. The court held that the government was bound by the original survey; that Lindsey's residence was sufficiently on the section which he claimed; that the patent certificate was rightfully issued to him; that the act of the Commissioner in setting it aside was illegal, and did not destroy the right thus vested; that the land was not, therefore, subject to entry by Hawes; that the patent obtained by him was wrongfully and illegally issued to him; and that the heirs of Lindsey were entitled to a conveyance of the legal title from him and his codefendants.

That case covers the present one in all essential particulars. The interest of Davidson in the tract, which embraces the premises in controversy, acquired by him by his entry, was not lost or impaired by the order directing its cancellation. That order was illegally made, and those claiming under him can stand upon the original entry and are not obliged to invoke the subsequent reinstatement of the entry by the Commissioner. As that entry, with the payment of the purchase money, gave Davidson a right to a patent from the United States, his heirs are entitled to a conveyance of the legal title from those holding under the patent wrongfully issued to Puffer.

Whether Davidson or his successors would have had a right to surrender his entry, upon learning that one of the tracts entered had been previously granted to the State, and claim a return of the purchase money, is a question that does not arise here. It is sufficient to say that, until such objection was raised by them, it did not lie with the land department to oppose the completion of his title to the tract which was subject to entry.

The judgment entered in the court below would have been in better form had it directed a conveyance to the heirs of Jacob Kessel, subject to the life estate of the defendant, from those holding under the patent to Puffer, of the legal title which he had acquired to that portion which was subject to entry. The heirs would thus avoid the necessity of applying to the land department for a patent, which it might refuse to issue, until the patent already issued had been cancelled by judicial proceedings.

The Supreme Court of the State makes some comment upon the form of the judgment, but observes that there is nothing in it of which the plaintiff can complain. He cannot be prejudiced by the cancellation of the patent, because the legal title vested in him by that instrument must inure to those who have the superior right to it. The judgment is, therefore,

*Affirmed.*