## WILSON v. FINE.

(*Circuit Court, D. Oregon.* September 2, 1889.)

PUBLIC LANDS—HOMESTEAD—FRAUD—CANCELLATION OF ENTRY AND CERTIFICATE.
   An entry and certificate, issued to a settler under the homestead act for land sub
ject to entry thereunder, cannot be set aside or canceled by the land department,
on its own motion, for fraud or mistake committed or occuring in obtaining or issu-
ing it. In such case the government must seek redress in the courts, where the
matter may be heard and determined according to the law applicable to the rights
of individuals under like circumstances. *Smith* v. *Ewing*, 11 Sawy. 56, 28 Fed.
Rep. 741, affirmed.

(*Syllabus by the Court.*)

At Law. Action to recover possession of real property.

*Charles B. Bellinger*, for plaintiff.

*Albert H. Tanner*, for defendant.

DEADY, J. This suit is brought to recover the possession of a quar-
ter section of land, situate in Lake county, Or.

From the amended complaint it appears that the plaintiff is a citizen
of California, and the defendant a citizen of Oregon; that about three
years before the commencement of this action (February 27, 1889) one
G. C. Alexander duly received a final certificate to the premises, as a set-
tler thereon under the homestead law, from the proper officers of the
land department of the United States, who thereafter duly conveyed the
same to the plaintiff; that the plaintiff is the owner of the premises in
fee, and entitled to the possession thereof; that about January 1, 1889,
the plaintiff being in the possession of the premises, as such owner, the
defendant entered thereon and evicted him therefrom, and now wrong-
fully withholds the possession from him.

The defendant demurred to the complaint, for that it did not ap-
pear that the plaintiff had the legal title, without which the action for
possession could not be maintained in this court.

After the argument the demurrer was overruled, the court holding that
the prior possession of real property is a sufficient legal estate therein to
enable a party to maintain an action in this court to recover the posses-
sion of the same from an intruder.

The defendant then answered. The answer contains specific denials
of sundry allegations of the complaint, and also two defenses, each of
which is styled therein "a further answer and defense," although there
is but one answer containing these denials and defenses. Comp. 1887,
§§ 71, 72.

The first defense is that at and prior to the entry of the premises by
Alexander the same was public land of the United States, and subject
to entry under the homestead law, at Lakeview, Or.; that prior to his
settlement on the premises Alexander had acquired a quarter section of
public land under said law, in California, and was not entitled at the
time of such entry and the issue of said final certificate to enter on or
settle upon any of the public land under the homestead law; and that

said entry and certificate are illegal and void,—of all which the plaintiff had notice before the date of the conveyance from Alexander.

The second defense is that the officers of the land-office at Lakeview, Or., "having been informed," after the issue of the certificate to Alexander, that he had acquired a quarter section of land under the homestead law prior to his settlement on the premises, set aside and canceled said entry and certificate, and reported the facts to the commissioner of the general land-office, who thereupon canceled said entry and certificate on April 27, 1889; that said Alexander was duly notified of said "proceeding" before said officers, and appeared and was heard therein; that about January 1, 1889, the defendant, "with the advice and consent" of the register and receiver, settled on the premises with the intention of claiming the same under the homestead law, he being qualified so to do, and "went into the peaceable possession of the same, and ever since has been and now is in possession of such land, as such settler, and is entitled to remain in the possession thereof in accordance with the provisions of said law and the regulation of the interior department, and within the time allowed by law he offered to file his homestead application and perfect his entry" in the land-office at Lakeview, "and has been instructed and advised by the commissioner of the general land-office to remain in possession of said land, as such settler, and that he was at the time of the commencement of this action, and ever since has been, and is now, in the possession of the land described in the complaint, under the authority and by the direction of the department of the interior and the commissioner of the general land-office,"—of all which the plaintiff had notice at the time of the conveyance to him from Alexander. To these defenses a demurrer is interposed.

The second defense will be considered first. It admits, by necessary implication, that Alexander obtained the certificate for the land under the homestead act by complying with the provisions thereof, including the payment of the price and the five years' residence and cultivation, about February, 1886.

To avoid the effect of these facts it is alleged in the defense that the officers of the district land-office, "having been informed" that Alexander had had the benefit of the homestead act, of their own motion instituted a "proceeding" to set aside and cancel said certificate on that account, which was done, and reported to the commissioner, who, on their recommendation, affirmed their action.

It matters not what advice or direction was given the defendant by any officer of the land department concerning the possession of the premises. Neither of them had any power or authority to authorize or direct him to take possession of the land, and it is not credible that they even did do so. If the law and the facts warranted him in taking possession of the premises, well and good; otherwise not. The *fiat* of an officer of the land department is not law, nor is this a government by Pasha.

I think this so-called "proceeding" to cancel Alexander's entry and certificate was an arbitrary and illegal one. There was no contest about

the matter, which the law authorizes the register and receiver to hear and decide, subject to an appeal to the commissioner and thence to the secretary of the interior. When the certificate had issued without objection, the time for a contest had passed. Upon its issue the land became the property of Alexander, and he was entitled to the patent therefor. Such a right cannot be arbitrarily set aside, canceled, and avoided by the land department, in a "proceeding" self-instituted on mere hearsay.

Nor does it signify that the party had notice of the "proceeding," and took part in it. One may defend one's life or property when it is attacked, without acknowledging the legality of the attack or "proceeding," or being bound by the result of it.

If Alexander was not entitled to make the entry for the reason that he had already had the benefit of the act, the certificate may be set aside on that ground in the courts, where the matter may be heard and determined according to the law applicable to the rights of individuals, under like circumstances. *Smith* v. *Ewing*, 11 Sawy. 56, 23 Fed. Rep. 741.

In this case I had occasion to consider this question of the power of the land department, of its own motion, to recall, set aside, or cancel a certificate of purchase of public lands, regularly issued and valid on its face, and concluded that it did not exist. It was there held, (page 65, 11 Sawy., and page 747, 23 Fed. Rep.:) "The right of a party holding a certificate of purchase of public land, and that of his grantee, is a right in and to property, of which neither of them can or ought to be deprived without due process of law."

Since the decision of this case, *Cornelius* v. *Kessel*, 128 U. S. 456, 9 Sup. Ct. Rep. 122, has been decided by the supreme court. The general drift of the opinion is to limit and restrain the power of the commissioner of the general land-office to set aside or cancel entries or certificates allowed by the register and receiver. The pith of the opinion on this point is stated in one of the syllabi as follows:

"The power of supervision possessed by the commissioner of the general land-office over the acts of the register and receiver of the local land-offices is not unlimited or arbitrary, but can only be exerted when an entry is made upon false testimony, or without authority of law, and cannot be exercised so as to deprive a person of land lawfully entered and paid for."

All applications for entries of land under the homestead act are noted on the books and plats of the district land-office, and a register kept of the same. These facts, "together with the proof upon which they have been founded," are returned to the general land-office. Section 2295, Rev. St. When it appears from such return, together with the record of the surveys of the public lands, and the prior disposition thereof in the general land-office, that an entry has been allowed in the district land-office contrary to law, the commissioner has power, and it is his duty, to correct the error and disallow the entry.

But if, after the entry is made and the certificate is issued, some one should offer to enter the same land on the ground that the first entry is

illegal, and propose to show the same by new and extraneous proof, I can find no law that authorizes the register and receiver, or the commissioner, to institute or direct a "proceeding" to hear and determine the matter, and therein set aside or cancel the entry and certificate. The subject is no longer administrative in its character. It ceased to be so, so far as the register and receiver are concerned, when, upon the final proof, after notice to the world of the settler's five years' residence and cultivation, the certificate was issued to him.

Admitting the power of the commissioner to disallow an entry for reasons appearing on the face of the return made by the register and receiver concerning the same, thereafter and otherwise, the validity and effect of the certificate as evidence of the right of the settler to the land described therein can only be impeached in a judicial proceeding.

If, upon inquiry, the land-office finds that through fraud or mistake a certificate was improperly issued, a suit should be brought in the proper court to set aside and cancel the same. Such a suit is quite as simple and inexpensive as a hearing in the land department, and much more likely to be attended with correct and satisfactory results.

The allegation in this defense that the defendant took peaceable possession of the premises, and still holds them so, amounts, under the circumstances, to nothing more than an admission that the defendant entered upon the possession of the premises, but without force or violence, and still holds them so. This is not an action of forcible entry and detainer, and, although the complaint alleges that the defendant entered "unlawfully and with force," proof of an unlawful entry and holding will support the action.

The demurrer to this defense is sustained.

The first defense consists simply of the allegation that Alexander, by reason of his having had the benefit of the homestead act, was not entitled to settle upon and acquire the title to the premises under said act.

This defense, also, by a necessary implication, admits that Alexander acquired the possession of the land under the homestead act in the manner therein provided, and that the defendant, without even a claim of right, title, or interest in the premises, entered thereon, and deprived the plaintiff of the possession thereof, as alleged in the complaint.

The demurrer to this defense is also sustained.