AMERICAN MORTG. CO. OF SCOTLAND, Limited, v. HOPPER.

SAME v. CROW.

(*Circuit Court, D. Oregon.* November 2, 1891.)

1. PRE-EMPTION CERTIFICATE.
   The land department has no authority of its own motion to set aside or cancel the final certificate of a settler under the pre-emption law. *Smith* v. *Ewing,* 11 Sawy. 56, 23 Fed. Rep. 741; *Wilson* v. *Fine,* 11 Sawy. 224, 40 Fed. Rep. 52,—followed.
2. ACTION OF EJECTMENT.
   A legal estate in the plaintiff is necessary to the maintenance of an action of ejectment under the law of this state; but actual possession at the time of the ouster complained of is a sufficient estate against a mere intruder.
3. SAME.
   A purchaser from a pre-emptor, who has obtained a final certificate, has not such a legal estate in the land, and cannot, apart from the fact of possession, maintain an action to recover the possession thereof from any one.

(*Syllabus by the Court.*)

At Law. These actions were submitted to the court together, without the intervention of a jury, upon an agreed state of facts.

*Mr. William B. Gilbert,* for plaintiff.

*Mr. J. J. Balleray, Mr. Raleigh Stott,* and *Mr. W. L. Boise,* for defendants.

DEADY, J. It is alleged in the complaints that the plaintiff is a foreign corporation, formed under the laws of Great Britain, and that the defendants are citizens of Oregon; that it is the owner and entitled to the possession of the S. E. ¼ of section 22, in township 3 N., of range 31 E., Wallamet meridian, and of the S. W. ¼ of section 4, in township 2 N., of the same range; that the defendant Crow wrongfully withholds from it the possession of said S. E. quarter section, and the defendant Hopper does the like with reference to said S. W. quarter section, each of which exceeds in value the sum of $2,000.

The answers contain a denial of the ownership of premises by the plaintiff, and an allegation that the defendant Crow is the owner of said south-east quarter section, and Hopper of said south-west quarter section.

It is admitted that Jesse Fulford entered said south-east quarter section at the proper land-office under the pre-emption law, and received his final certificate therefor on August 31, 1882, and thereupon conveyed the same to W. C. Smith, who mortgaged it to the plaintiff on the same day as security for a loan of money; that on September 10, 1885, the plaintiff commenced a suit in the proper state court to foreclose said mortgage, and such proceedings were had thereon that the property was sold to the plaintiff, who received a sheriff's deed therefor on October 12, 1887; and that the money loaned to Smith was loaned in good faith, and without notice of any defect or deficiency in his entry, and the money paid thereon had not been returned.

That on May 7, 1885, the defendant Crow applied at the land-office to enter said south-east quarter section under the homestead law; that

the register and receiver, in the contest which ensued on such application, decided in favor of Crow, and canceled Fulford's entry, and on August 24, 1886, the commissioner of the general land-office affirmed said decision.

That Crow was not made a party to said foreclosure suit, and at the commencement thereof was in possession of said south-east quarter section under said homestead entry, which he afterwards—October 31, 1888—commuted by a cash entry.

It is also admitted that George W. Waddle entered said south-west quarter section under the pre-emption law, and received his final certificate therefor on August 12, 1882; that on September 1, 1882, said Waddle mortgaged the same to the plaintiff as security for a loan of $850; that on September 10, 1885, the plaintiff commenced a suit to foreclose said mortgage in the proper state court, which resulted in its becoming the purchaser thereof, at sheriff's sale, and receiving a deed therefor about October 24, 1887.

That the money furnished Waddle was loaned in good faith, without notice of any defect or deficiency in his entry, and the money paid thereon was not returned.

That on May 7, 1885, the defendant Hopper applied at the proper land-office to enter said south-west quarter section under the homestead law; that the register and receiver, in the contest which ensued on such application, decided in favor of Hopper, and canceled Waddle's certificate, and on August 30, 1886, the commissioner of the general land-office affirmed said decision.

That Hopper was not made a party to the foreclosure suit, and at the commencement thereof was in possession of said south-west quarter section, under said homestead entry, which he afterwards—January 5, 1889—commuted by a cash entry.

On this state of facts it is contended that the plaintiff cannot recover in these actions, because (1) it has no interest in the property by reason of the cancellation of the department of the entries under which it is claimed; and, (2) admitting that such cancellation is void, it has no legal estate in the property.

As to the first point, I adhere to the opinion expressed in *Smith* v. *Ewing*, 11 Sawy. 56, 23 Fed. Rep. 741, and *Wilson* v. *Fine*, 14 Sawy. 224, 40 Fed. Rep. 52, that such cancellation is beyond the power of the department, and therefore void. See, also, on this point, *Stimson* v. *Clark*, 45 Fed. Rep. 760. The supreme court has never decided the exact point, but the tendency of its rulings is to the effect that the department cannot of its own mere motion set aside a final certificate, valid on its face. See *Cornelius* v. *Kessel*, 128 U. S. 461, 9 Sup. Ct. Rep. 122.

These are actions at law to recover the possession of real property. The law of the state provides (Comp. Laws 1887, § 316) that "any person who has a legal estate in real property, and a present right to the possession thereof, may recover such possession * * * by an action at law." As was said in *Wilson* v. *Fine*, 14 Sawy. 38, 38 Fed. Rep. 789: "This is substantially the common-law action of ejectment, minus its

once useful fictions; and is, \* \* \* by virtue of section 914 of the Revised Statutes, the rule of procedure in this court." To maintain this action the plaintiff must have some sort or degree of a legal estate in the land, as well as a present right to the possession,—something more than an equity or a right in equity to have such estate.

In *Wilson* v. *Fine, supra,* I held that an actual possession of land at the time of the ouster complained of was a sufficient legal estate therein to enable a party to maintain the action against a mere intruder,—a person with no better title.

The defendants, in my judgment, are mere intruders; but the plaintiff does not appear to have ever had possession of these lands. As mortgagee it was not entitled to possession, and does not appear to have had it in fact. The entry-men under whom it claims do not appear to have remained in possession after receiving their certificates. They did not appear at the contest. Whatever right the plaintiff has it must enforce in equity.

The findings of the court will be that the plaintiff has no legal estate in the premises sought to be recovered, and can take nothing by its actions.