## DELLES v. SECOND NATIONAL BANK OF BROWNSVILLE ET AL.

PUBLIC LANDS — CANCELLATION OF DESERT-LAND ENTRY.

1. Hearing and notice are essential to the exercise of the right of the land department of the government to cancel a desert-land entry for fraud or on the ground of the non-desert character of the land; and a cancellation of such an entry without a hearing is a nullity.

2. Permission to an entryman to appeal from an order of the commissioner arbitrarily made canceling a desert-land entry does not allow or provide for the hearing which is necessary, since an appeal would not bring out the facts, and an appeal presupposes a judgment to appeal from.

[Decided September 27, 1897. Commenced in District Court December 16, 1895.]

ERROR to the District Court for Albany County.    HON.
J. H. HAYFORD, Judge.

This was an action brought by the defendants in error,
the Second National Bank of Brownsville, Pennsylvania,
Hilda Lamb, and Allie C. Mc Mechan, for the possession
of certain lands located in Albany County.    The petition
alleged a legal estate in said lands, a right to their pos-
session, and that the defendant Joseph Delles unlawfully
kept the plaintiffs out of possession.    The answer admitted ·
possession of the defendant, but denied the title of plain-
tiffs.    Plaintiffs had judgment, and defendant prosecuted
error.    The material facts are stated in the opinion.

*Lacey & Van Devanter*, for plaintiff in error, con-
tended that the various proceedings in the land office and
by the commissioner of the General Land Office, resulted
in a valid cancellation of the entry under which defend-
ants in error claimed and cited Caldwell v. Bush (Wyo.),
45 Pac., 488.    It was insisted that the cancellation
occurred in a case initiated by the entryman, and therefore
no notice to him was required; but that as the matter
was within the general jurisdiction of the Land Office,
and the record of that office shows notice, it is not com-
petent by parol to contradict the fact of notice, citing
1 Black on Judg., Sec. 287.

*C. P. Arnold*, and *N. E. Corthell*, for defendants in
error.

The power of the land department to cancel final
entries is conceded, but that power is subject to well-
defined limitations.    (Caldwell v. Bush, 45 Pac., 488;
Cornelius v. Kessel, 128 U. S. 122.)    The cancellation
in this case was void for want of notice, and there must
have been a hearing to give it validity.    (Orchard v.
Alexander, 157 U. S., 372; Houston v. Coyle, 2 L. D.,
61; Stayton v. Carroll, 7 L. D., 200; Lundy v. Hoebel,
id., 49; Lecocq cases, 2 id., 784; Neal v. Mc Mullen, 9
id., 523.)    The record affirmatively shows want of notice.

Presumptions in favor of proceedings of courts are only indulged in relation to those jurisdictional facts concerning which the judgment is silent. (1 Freeman on Judg., 125, 130; 1 Black on Judg., 277; 18 Wall., 350; 13 Wis., 569; 34 Cal., 391; 123 Mo., 270; 60 Fed., 220; 97 U. S., 444: 110 id., 708.)

POTTER, JUSTICE.

Plaintiff in error complains of a judgment of the district court for Albany County in favor of the defendants in error for the recovery of the possession of the southwest quarter of section four (4), in township sixteen (16), north of range seventy-six (76), west of the sixth principal meridian, located in the county of Albany in this State. Said lands were public lands of the United States, the strict legal title to which remained in the government, no patent having issued to any one therefor.

The right of the defendants in error to the possession of the land was claimed by reason of final certificate from the United States upon a desert-land entry, including that tract with others, made by one Thomas J. Fisher and sundry mesne conveyances, which vested in them all the right, title, and interest of said Fisher under his said entry.

Plaintiff in error was in possession under a homestead entry, made February 15, 1894, for which he held receiver's duplicate receipt ; and it was claimed on his behalf that the entry of Fisher had been canceled, and that there were no existing rights thereunder. To sustain that claim there was introduced in evidence, upon the trial, a letter of the assistant commissioner of the General Land Office to the register and receiver of the local land office, dated November 20, 1888, wherein it is stated that in June, 1877, Thomas J. Fisher applied to enter certain lands, including the tract in controversy, under the desert-land act, which application being defective in form and unaccompanied by the payment required,

was rejected, and returned to the applicant. That in the meantime on September 5, 1877, one Henry Carver filed a declaratory statement, No. 444, covering the land in controversy, alleging settlement August 10, 1877. That Fisher initiated a contest against the claim of Carver upon which a hearing was had, both parties appearing with witnesses February 19, 1878. That on April 19, 1880, Fisher made desert-land entry No. 197 for the land, and on July 3, 1880, the declaratory statement of Carver was canceled upon relinquishment. That April 29, 1880, the commissioner decided that according to the testimony adduced in the trial of February 19, 1878, the tract of land then in controversy was clearly shown to be non-desert in character within the meaning of the desert-land act, so that irrespective of other considerations, Mr. Fisher's entry is without foundation in fact or in law; and approved the action of the local office in rejecting the same in favor of Mr. Carver's declaratory statement, and advising the local office to notify claimant of his right to appeal. That February 16, 1883, the Register reported that Mr. Fisher had taken no appeal upon his D. L. E., No. 197. That April 9, 1883, final certificate was issued upon the same. The letter then proceeds as follows: "In view of the commissioner's decision, as above noted, based upon the evidence given during the trial, that the land embraced in D. L. E., No. 197, was not properly subject to entry under the D. L. act, said entry is therefore held for cancellation, and sixty days allowed for appeal. You will advise the party in interest of the contents of this letter, in accordance with the instructions contained in circular of October 28, 1886, copy herewith inclosed, and at the proper time report the result to this office."

There was introduced by the defendants in error a letter dated Jan. 11, 1889, from the receiver of the local land office to Mr. Fisher, referring to the above-mentioned letter of the commissioner, and notifying him of the effect thereof, and also a letter from the register to the same

party, dated March 11, 1890, referring to the former letter, and notifying him of the effect of the same letter of the commissioner, and that he had sixty days from the receipt of such letter of March 11, 1890, to file his appeal from the decision of the commissioner of November, 1888. Subsequently by letter of the register to the commissioner the registry return letter to Fisher uncalled for, and registry return receipt unsigned, was inclosed and transmitted to show service of notice, and the letter stated that no action had been taken in the matter. From the other correspondence between the commissioner's office and the local office which we find in the evidence, it appears that June 17, 1890, the commissioner wrote the register and receiver stating that they had on May 28, 1890, reported for cancellation for expiration of statutory period the desert-land entry of Thomas J. Fisher, No. 197, F. C. No. 48, and that the entry "has therefore been this day canceled."

Upon these facts it is insisted that the entry of Fisher was duly canceled, and that neither he nor his grantees had thereafter any interest in the premises. The additional fact ought to be mentioned that, on the trial, it was sought to prove the death of Fisher some four or five years prior thereto, but the witnesses could only testify that they understood he had died "between four and six years ago."

As the decision of the commissioner of November 20, 1888, is entirely based upon the decision of April 29, 1880, which was rendered in course of the contest of Fisher against Carver, it would seem that the decision of the last-named date ought to have been produced, if, indeed, it is not a necessary part of the proceedings resulting in the final cancellation of Fisher's entry. As we read the proceedings, there appears to have been a misconception of the facts in the minds of counsel in some important particulars. In the first place, it is very evident that the contest initiated by Fisher against the claim of Carver was closed by the decision of the commissioner, April 29,

1880, approving decision of register and receiver ; and that the letter of November, 1888, formed no part of the proceedings in that contest. It is also evident that in that contest no entry of Fisher was involved, for the reason that the trial was held in February, 1878, and his entry was not made until April 19, 1880. He may have, and probably did, at the time of initiating the contest, make an application to enter, but the entry was not received and made of record. Therefore it is entirely clear that the decision of the commissioner, rendered April 29, 1880, had no reference whatever, and it would have been improper that it should have, to the entry of Fisher, No. 197, made April 19, 1880.

In addition to the fact that such entry could not, in the very nature of things, have been involved in the contest which was tried long before it was made, is the almost absolute probability, arising from the slight difference in time, that the fact that Fisher had made an entry which had been accepted, but ten days before his letter of April 29, 1880, was not within the knowledge of the commissioner. The apparent assumption of the assistant commissioner, in 1888, that the letter of April, 1880, had some application and reference to Fisher's entry No. 197, seems to have been without any possible foundation. The assistant commissioner states in his letter of November 20, 1888, that the declaratory statement of Carver was canceled by relinquishment July 3, 1880, but the date of that relinquishment is not disclosed either in the letter or by other evidence. We apprehend that it is probable it was executed before that date, and at such time that when Fisher made his entry in April, the fact of such relinquishment was known to the register and receiver, but whether or not that is so is doubtless unimportant.

It is also evident that if the local land officers reported the entry for cancellation on account of expiration of statutory period, they had no reference to the period for submitting final proofs, but to the expiration of the period for taking an appeal from the decision of the commis-

sioner; but if they did refer to the matter of final proofs, they were in error as to the fact, final proofs having long before that time, and within the prescribed period, been submitted and received.

If the decision of the commissioner of November 20, 1888, was not a part of the contest proceedings of Fisher v. Carver, from what proceedings did it spring? We are not inclined in the absence of an explanation to that effect in the letter itself, to view it as the result of a consideration of the final proofs upon which the final certificate had been issued. The letter was written five years later, and does not refer in any way to such proofs, and, as there is no evidence of any other hearing than that in the contest already alluded to, and that which necessarily occurs upon the production of the final proofs, and the letter itself bases its conclusions and judgment upon the decision of April 29, 1880, we are irresistibly led to conclude that, assuming the entry No. 197 to have been involved in the contest of 1877–1878, and the entry rejected, it was found that the final certificate had nothing to stand on, and, therefore, as an independent act, the commissioner proceeded to hold the same for cancellation. In the view we are constrained to take of this case, the important feature connected with the letter of 1888, is the fact that the entry of Fisher, under which his rights and those of his grantees arose, had not been involved in any hearing with regard to its validity, or the character of the land covered thereby. In the case of Caldwell v. Bush, 45 Pac., 488, this court held that after a hearing of which the entryman had notice, the land department of the government could cancel an entry for fraud, but that in such case a hearing and notice were necessary. Such is the law announced by the Supreme Court of the United States. (Orchard v. Alexander, 157 U. S., 372; Cornelius v. Kessel, 128 U. S., 456.)

The order of the department in respect to the land in controversy in November, 1888, was that Fisher's entry and final certificate should be held for cancellation, from

which an appeal was permitted, and based upon that order and attempts to notify the entryman thereof, the final cancellation followed.   It is obvious that there had been no hearing nor any attempt at one.   Taking an appeal would not have brought out the facts.   The right to an appeal presupposes a judgment to appeal from, and the judgment from which an appeal was allowed, was rendered without a hearing of any kind.

The necessity for such a hearing is also recognized by the department of the interior.   In the case of William A. Fowler, 17 L. D., 189, one Dailey made a homestead entry for certain land April 9, 1892, and Fowler thereafter, May 5, 1892, made a like entry for it.   The commissioner of the General Land Office held the entry of Fowler for cancellation without a hearing.   First Assistant Secretary Sims, in the course of an opinion rendered upon appeal from the decision of the commissioner, said, "While it is true that the entry of Fowler was improperly allowed by the local officers, yet, it having been made matter of record, it should not have been held for cancellation, without notice to him, and an opportunity given to show cause why the same should not be canceled.   This course would have brought out the facts and established the rights of the respective parties to the land."   *   *   *   "Your decision is set aside, and you will order a hearing as indicated, and upon a report of the register and receiver, you will readjudicate the case."   We do not care to reiterate what was said in Caldwell v. Bush, supra, with reference to the authority of the land department and the jurisdiction of the courts in reference to the public lands. The whole matter was there discussed and the authorities reviewed.   The view we take of this case is in conformity with the doctrines there announced.

If the land department has been only premature in its cancellation of the entry, and cause exists therefor, it can be shown upon hearing to be properly called for the purpose of determining that question, and it would seem by reference to the decisions of the department of the interior,

that a grantee or mortgagee of the entryman can be notified, and can appear and be heard at such a hearing, if a notice of his rights has been properly given to the land officers. In our opinion upon the case before us, the commissioner was without authority to cancel the entry and final certificate of Fisher, and therefore those claiming under him are entitled to the possession of the land in controversy. The judgment of the district court awarding to them such possession was proper, and must be affirmed.

*Affirmed.*

CONAWAY, C. J., and CORN, J., concur.