# UNITED STATES EX REL LOWE *v.* BALLINGER.

INDIANS.

The mere placing of the names of parties upon the partial rolls of members of the Cherokee Tribe of Indians, by the Sectretary of the Interior, did not give them such a vested right as prohibited the Secretary from making further inquiry into the question of their proper enrolment, and from striking the names from the rolls before the expiration of the time fixed by statute for their completion, if he discovered that the names had been improperly placed on the rolls. (Reaffirming *Garfield* v. *United States*, 34 App. D. C. 70.)

No. 2187.    Submitted October 6, 1910.    Decided November 1, 1910.

HEARING on an appeal by the relator from an order of the Supreme Court of the District of Columbia dismissing a petition for the writ of mandamus.                    *Affirmed.*

The facts are stated in the opinion.

*Messrs. Kappler & Merillat* for the appellants.

· *Mr. Oscar Lawler,* Assistant Attorney General, *Mr. F. W. Clements,* First Assistant Attorney, and *Mr. C. Edward Wright,* Assistant Attorney, Interior Department, for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

We had this case under consideration on a former appeal. 34 App. D. C. 70. The judgment here appealed from was rendered in compliance with the mandate of this court. The legal status of the parties remains unchanged. It is insisted, however, by counsel for appellants, that our former opinion

is erroneous because inconsistent with an opinion since rendered in the case of *Ballinger* v. *United States,* 216 U. S. 246, 54 L. ed. 467, 31 Sup. Ct. Rep. 338. It will be observed, by reference to these opinions, that the facts in the two cases are substantially different. The principles of law involved in the one case have little or no application to the other.

In the case of *Ballinger* v. *Frost, supra,* the allotment certificate, which the law declared to be "conclusive evidence of the right of any allottee to a tract of land described therein," had been issued to the relator Frost. After the time within which contest could be instituted had elapsed, and the rights under the allotment had vested, patent was withheld by the Secretary of the Interior because the land selected was being used as a town site. The validity of the allotment was not assailed, and it was conceded that the relator was legally entitled to be enrolled and to secure her land. But by reason of the town having been built upon land open to entry at the time the relator made her selection, the Secretary undertook to set it apart as a town site, and allow relator to select other land. It was in pursuance of this purpose that he refused to issue and deliver her a patent. It was held by the court that the issuance of the patent was a mere ministerial duty, in the performance of which the Secretary had no discretion.

Speaking generally of the power of the Secretary, Mr. Justice Field, in *Cornelius* v. *Kessel,* 128 U. S. 456, 32 L. ed. 482, 9 Sup. Ct. Rep. 122, said: "The power of supervision and correction is not an unlimited or an arbitrary power. It can be exerted only when the entry was made upon false testimony, or without authority of law. It cannot be exercised so as to deprive any person of land lawfully entered and paid for. By such entry and payment the purchaser secures a vested interest in the property and a right to a patent therefor, and can no more be deprived of it by order of the Commissioner than he can be deprived by such order of any other lawfully acquired property. Any attempted deprivation in that way of such interest will be corrected whenever the matter is presented so that the judiciary can act upon it." This furnishes

the distinction between the cases here under consideration. In the *Frost Case* the relator was entitled to receive her allotment. This gave her a lawful right to select the land, and, having done so, the Secretary was powerless to devest her of that right. In the present case the relators wrongfully secured their enrolment and allotments; they were obtained "without authority of law;" and, before the time for the final approval of the rolls by the Secretary had expired, the error was discovered and corrected.

It is sought to have a writ issued requiring the Secretary to erase from the rolls his entry striking relators' names therefrom. The Assistant Attorney General urges that, if the relief prayed for is granted, it would not change or improve the legal status of the relators. Their rights, if any they had, being fixed by law, could not, he insists, be destroyed by the act of the Secretary in erasing their names from the rolls. The contention is not without merit, but we do not deem it necessary to reopen the case. We are unable to discover anything in our former opinion inconsistent with the views expressed in *Ballinger* v. *Frost.* The mere placing of relators' names on the partial rolls did not, in our opinion, establish such an indefeasible status as prohibited the Secretary from making further inquiry into the question of their proper enrolment, and, if discovered to be improper before the rolls finally passed beyond his jurisdiction, from correcting the error.

For the reasons stated, the judgment is affirmed, with costs, and it is so ordered.                                     *Affirmed.*

A writ of error to the Supreme Court of the United States was allowed on application of the appellants, and issued November 8, 1910.