**EMLENTON REFINING CO. v. CHAMBERS.**[*]

(Circuit Court of Appeals, Third Circuit. July 8, 1926.)

No. 3435.

**1. Courts ⟨⟩405(12).**

Circuit Court of Appeals has no jurisdiction of appeal from decree of District Court disposing of equitable defenses interposed under Judicial Code, § 274b (Comp. St. § 1251b), in law action, nor is jurisdiction conferred by section 128 or 129 (Comp. St. §§ 1120, 1121).

**2. Courts ⟨⟩405(1).**

Appellate jurisdiction of Circuit Court of Appeals is wholly statutory.

**3. Courts ⟨⟩255.**

Implication in act of Congress, to confer jurisdiction on court, must be not only clear, but necessary.

**4. Courts ⟨⟩354.**

Court may of its own motion vacate judgment inadvertently entered after decree disposing of equitable defenses interposed in law action, under Judicial Code, § 274b (Comp. St.

*Certiorari denied 47 S. Ct. ——, 71 L. Ed. ——.

§ 1251b), without affecting other features of decree.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

Suit by Walter A. Chambers, trading as G. L. P. Chambers & Co., to the use of James A. Adams, trading as Adams & Thompson, against the Emlenton Refining Company. From the decree, defendant appeals. Appeal dismissed.

John E. Mullin, of Kane, Pa., W. Pitt Gifford, of Erie, Pa., Mullin & Woods, of Kane, Pa., Frampton & Courtney, of Oil City, Pa., and Gunnison, Fish, Gifford & Chapin, of Erie, Pa., for appellant.

J. Thurston Manning, Jr., of Philadelphia, Pa., Bigham, Englar & Jones, of New York City, Edmund C. Breene, of Oil City, Pa., and Conlen, Acker, Manning & Brown, of Philadelphia, Pa., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and DICKINSON, District Judge.

WOOLLEY, Circuit Judge. Three suits involving the same contracts were instituted against the defendant by the same plaintiffs in different characters. They were brought in the order and, abbreviated for convenience, were entitled as follows:

(1) Chambers, for the use of Adams, v. Emlenton Refining Company.

(2) Adams (averring that Chambers was his agent) v. Emlenton Refining Company.

(3) Chambers, for the use of Adams, v. Emlenton Refining Company.

In the first action a voluntary nonsuit was entered; in the second, a judgment for the defendant on a verdict; the third, the instant case, is still pending on the merits.

Much confusion arose in the trial of the second case because of the insistence of counsel in trying two issues to the jury. One raised the formal question whether Adams or Chambers was the proper legal plaintiff; the other the substantial question whether the defendant had breached its contract and, if it had, to what damages was the plaintiff entitled. Both questions were submitted with the result that no one knows, nor can anyone ascertain, on which question the jury found for the defendant. When this suit—the third—was brought, the defendant interposed three equitable defenses under Section 274b of the Judicial Code (Comp. St. § 1251b):

(1) Res judicata, that is, all the rights of the parties in the contracts sued upon were

litigated and determined in the second action; (2) equitable estoppel and (3) judicial estoppel both of the legal and use-plaintiffs by reason of their conduct and testimony in the prior suits involving the same contracts.

Following the practice of some courts in cases where equitable and legal issues are mingled, the learned trial court heard, preliminarily to trial, these equitable defenses, and finding they could not be sustained because of lack of identity of parties, doubtful identity of causes of action, and lack of prejudice to the defendant arising from the alleged inconsistent positions taken by the plaintiffs in the several actions, entered a decree holding them invalid and at the same time entered a judgment on them against the defendant and, finally, ordered the case for trial before a judge and jury on the other issues raised by the pleadings. From this decree embracing an adverse judgment on the equitable issues, the defendant took this appeal.

At the argument here counsel addressed themselves exclusively to the merits of the issues decided by the trial court. Questioning the defendant's right to appeal from a decree or judgment which decided only a part of the issues of the case—seemingly interlocutory—and, doubting its jurisdiction to entertain such an appeal, this court asked for argument on these two questions, whose determination in the appellant's favor must, of course, precede a determination of the matters brought up for review.

[1, 2] These questions are so related that, in truth, only one is presented, namely: the jurisdiction of a Circuit Court of Appeals to entertain an appeal taken from a decree or judgment of a District Court disposing of equitable defenses interposed in a law action under authority of Section 274b of the Judicial Code. If the Circuit Courts of Appeals have this jurisdiction it is only because it is conferred by some statute, as the appellate jurisdiction of these courts is wholly statutory. Realizing this, the appellant says jurisdiction is conferred by three statutes of which the first is Section 274b of the Judicial Code. (38 Stat. L. 956). Therefore, in our search for a statutory grant of jurisdiction, we first turn to this provision, which is in the following words:

"Sec. 274b. *Forms of pleadings abolished.* That in all actions at law equitable defenses may be interposed by answer, plea, or replication without the necessity of filing a bill on the equity side of the court. The defendant shall have the same rights in such case as if he had filed a bill embodying the defense of [or] seeking the relief prayed for in such answer or plea. Equitable relief respecting the subject-matter of the suit may thus be obtained by answer or plea. In case affirmative relief is prayed in such answer or plea, the plaintiff shall file a replication. Review of the judgment or decree entered in such case shall be regulated by rule of court. Whether such review be sought by writ of error or by appeal the appellate court shall have full power to render such judgment upon the records as law and justice shall require. [38 Stat. L. 956]."

[3] Concededly the provision does not give a right of appeal nor does it grant jurisdiction by express terms. Congress rarely confers jurisdiction on a court by implication. When it does, the implication, to be effective, must be not only clear but necessary. The only words of the section touching review by appellate courts are contained in the last two sentences. Of these the first is: "Review of the judgment or decree entered in such case shall be regulated by rule of court." Manifestly, this is a grant of power to regulate action under a jurisdiction already conferred; it is not a grant of jurisdiction. Moreover, under the power of regulation thus given, no rule has been promulgated by this court. But the next sentence in the context clearly explains the meaning of the first. Realizing that on mixed issues—equitable and legal—technical uncertainties might arise in disposing of a case according as it is in equity or at law, or when there is doubt as to which one it is, the Congress, in concluding the section, said: "Whether such review be sought by writ of error or by appeal the appellate court shall have full power to render such judgment upon the records as law and justice shall require."

But the appellant further urges that the Congress conferred the necessary jurisdiction when, in the quoted section, it said: "The defendant shall have the same rights in such case as if he had filed a bill embodying the defense of (or) seeking the relief prayed for in such answer or plea;" maintaining that among those "rights" is the right of appeal. We regard these words merely as defining the defendant's position when issues normally belonging to opposite systems are brought together for trial by a new method. That this is a grant of a right of appeal to a litigant and a grant of jurisdiction to this court is not only not a clear implication but it is not a necessary one, for a party, whether his case be in equity or at law, already had a right of appeal at a proper time granted by another statute. Even if we were to construe it as

the defendant asks, the sentence leaves unsettled the question before us as to *when* an appeal in such case may be taken.

The statute the appellant next cites as granting an appeal and conferring jurisdiction is Section 129 of the Judicial Code (Comp. St. § 1121) which allows appeals from interlocutory orders or decrees granting or refusing injunctions. On this provision the appellant advances the theory that although no injunction was prayed for when it filed its equitable defenses against the case at law, the court's decree denying their validity was in effect a refusal of an injunction. The section last cited in the Judicial Code is specific in respect to the instances in which appeals may be taken and does not extend to situations kindred to those specified. We can not find a right of interlocutory appeal from the appellant's argument that an appeal may be taken from a decree refusing an injunction; that a decree denying equitable defenses pleaded is a refusal of an injunction in effect; and, therefore, an appeal may be taken from such a decree. Here, the minor premise, we think, is false because it is forced and, in consequence, the syllogism is faulty.

And, lastly, the appellant cites as statutory sanction for its claimed right of appeal Section 128 of the Judicial Code (Comp. St. § 1120) which confers on Circuit Courts of Appeals appellate jurisdiction to review "final decisions" of District Courts in certain cases, maintaining that the decree here appealed from is a final determination of the appellant's equitable defense to the appellee's cause of action.

Here again citation of a statute conferring jurisdiction to review by appeal begs the question as to when an appeal may be taken from a decision on a part of the issues in a case pleaded under Section 274b of the Judicial Code. That a saving of time and money would be effected by first disposing on appeal of equitable matters previously determined by a trial court, or that in every case so tried under Section 274b of the Judicial Code an intermediate appeal would be taken from the decision preliminarily rendered, thus causing expense and delay, are considerations for the legislative branch of the Government alone. We are only concerned with what the Congress intended by what it did. Its intention was interpreted by the Supreme Court in Liberty Oil Co. v. Condon Bank, 260 U. S. 235, 240, 43 S. Ct. 118, 67 L. Ed. 232; and that court, and others where a like procedure prevails under state statutes, have signified how it should best be carried out, namely: that where an equitable defense is interposed to a suit at law, the equitable issue raised should first be disposed of, as in a court of equity, and then if an issue at law remain, it should be tried to a jury. By this practice, it is argued, equitable issues may be kept distinct from legal issues, the two issues may be considered on their respective merits, appropriate relief be administered and confusion and embarrassment in the progress of the action avoided. Quinby v. Conlan, 104 U. S. 420, 26 L. Ed. 800; Cornelius v. Kessel, 128 U. S. 456, 9 S. Ct. 122, 32 L. Ed. 482; Liberty Oil Co. v. Condon Bank, supra; Union Pacific R. Co. v. Syas, 246 F. 561, 565, 566, 158 C. C. A. 531; Fay v. Hill, 249 F. 415, 418, 161 C. C. A. 389; Horbach v. Coyle (C. C. A.) 2 F.(2d) 702, 707.

Yet of the many cases we have examined, in which courts when reviewing actions with mixed issues under the cited federal act and under similar state acts have expressed their views on the procedure in the trial court, none has held or even intimated a right of immediate appeal from the preliminary determination of equitable issues when legal issues remain to be tried; and only one case—possibly two—show that under state statutes, not available and whose provisions therefore are not known to us, an appeal may at once be taken from a decree on an equitable issue which decided against the plaintiff's right to recover on the legal issues. Cornelius v. Kessel, 128 U. S. 456, 460, 9 S. Ct. 122, 32 L. Ed. 482; Quinby v. Conlan, 104 U. S. 420, 26 L. Ed. 800. As the federal statute does not contain, either in express words or by necessary implication, a grant of separate appeal from a decree on a part of the issues involved in an action pleaded under Section 274b of the Judicial Code, or a grant of jurisdiction to entertain such an appeal, and in the dearth of judicial expression on the subject, we are constrained to hold that this court is without jurisdiction to entertain the appeal at bar, prematurely taken. We think that Section 274b of the Judicial Code contemplates nothing more than a formal indication by the court, made before trial for convenience of the parties, of what its judgment would be if at the trial certain defenses should be raised and pressed. Though in form a decree, it is one purely incidental to the trial and interlocutory in character, subject, of course, to review after trial and judgment like any other part of the proceeding, unless, before judgment, the court should change its mind and reverse itself.

[4] It follows that this appeal must be dismissed. Dismissal of the appeal, however, leaves the decree undisturbed but it presents

the paradox of also leaving undisturbed the "judgment" embraced in the decree. This judgment, we think, was inadvertently entered and must be disposed of in order to avoid the possible presence on the record of two judgments for opposite parties in the event of a judgment on a verdict rendered in favor of the defendant; yet, this court cannot dispose of it by a decree of reversal on an appeal which it is about to dismiss. We shall, therefore, leave the adjustment of this situation to the learned trial court which, under the authorities, may of its own motion vacate the judgment without affecting the other features of the decree. Cases cited in 15 R. C. L. 688, 690, 692, 696, 720. Regarding in another light this somewhat perplexing record, due to a judgment at law being embodied in the decree in equity, we observe that in the procedural formalities in appellate practice the substantial distinctions between appeals and writs of error still pertain. The judgment within the decree is in form a judgment at law. Moreover, it is, at least in form, a final judgment. If viewed as a judgment at law entered coincidentally with the decree in equity but as an independent and separate judgment, it would, on its face, be open to writ of error. Such a writ must be taken as the appellate practice prescribes. We have examined the record with this thought in mind but find that the only appellate proceeding pursued is the one which brings before us the decree in equity not the judgment at law. For this reason the judgment is not disturbed by our action dismissing the appeal and we are brought to the result already indicated that the record situation is one which can best be dealt with through the exercise of the control which the learned trial court has over its judgments.

The appeal is dismissed.